[No. 19792.   Department One.   February 5, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Dorothy W. Ament, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Defendants.*[1]

[1] APPEAL (232)—BOND—RIGHT TO SUPERSEDEAS—INJUNCTIONS. The court is not authorized to fix the amount of a supersedeas bond on appeal in an action for an injunction where the record does not clearly show that the temporary restraining order, issued until a hearing could be had, was, on the return day, converted into a temporary injunction *pendente lite;* since there was nothing to be superseded.

Certiorari to review an order of the superior court for King county, Douglas, J., entered January 8, 1926, refusing to fix the amount of a supersedeas bond on appeal.   Denied.

*Vince H. Faben,* for relator.
*Robert A. Devers,* for defendants.

PER CURIAM.—This is an original application for a writ of review, to effect a supersedeas on appeal from an order dissolving a restraining order and injunction and dismissing the action in the lower court for a perpetual mandatory and preventive injunction.

From the order of dismissal and the order dissolving the restraining order and injunction, appellant immediately appealed and requested that a supersedeas bond be fixed on appeal.   The lower court refused to fix such supersedeas upon the ground, as alleged in relator's affidavit and application here, that inasmuch as the injunction had been dissolved and the cause dismissed there was nothing to supersede.   This allegation is, however, denied by respondent.

[1]Reported in 242 Pac. 1106.

The action in which the injunction was sought was one to enforce the provisions of a certain water contract and reinstate a certain water service, and enjoin the defendant therein from interfering with the use of the water, and from interfering with the connections, pipes, conduits, etc., connecting the service of water to the plaintiff; for a mandatory injunction requiring the defendant to make proper connection in the same manner as theretofore served and used by plaintiff therein; for a perpetual injunction enjoining and restraining defendant, his agents and servants from interfering with the full and proper use of water by the plaintiff or her assignees or grantees. A judgment was also asked for damages for the past acts of defendant in relation to the matter in controversy.

In the lower court, on June 25, 1925, a temporary restraining and show cause order was entered, returnable on July 2, 1925, or as soon thereafter as the same could be heard, in which was included an order that the defendant "immediately restore the water service and water to plaintiff as heretofore enjoyed by her for many years past, and refrain and desist from interfering with the plaintiff in the free and unobstructed use of the water." This order was conditioned upon the giving of a bond in the sum of $200, which was apparently complied with.

[1] The record brought before us by relator does not show, and the return of respondent denies, that there was an order entered on July 2, 1925, the return day of the show cause and temporary restraining order, to the effect that the restraining order and temporary mandatory injunction be kept in force upon the filing of a bond by relator in the sum of $750, or that any such bond was filed or any such order was made, as required by the order requiring relator to keep the

temporary restraining order in force as a temporary injunction *pendente lite.*

In the absence of a clear showing that such temporary restraining order was converted into a temporary injunction, even though only preventive, but especially when alleged to be necessarily mandatory, *pendente lite,* and the terms thereof complied with by relator, there never was any temporary injunction in force in the case.

Even conceding that a mandatory temporary injunction could be superseded on appeal, there never was such mandatory temporary injunction shown by the record before us, in force.

Although the ground upon which the trial judge refused to grant the supersedeas may have been erroneous, upon the record before us there is nothing that can be superseded.